# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BOBBY J. WOOD,**

**Plaintiff,**

-vs-                                                    Case No. 6:09-cv-1090-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

_____

## MEMORANDUM OF DECISION

Bobby J. Wood (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant maintains that the Commissioner's final decision should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by failing to include Claimant's mental limitations in the ALJ's residual functional capacity (the "RFC") determination and in the hypothetical question posed to the Vocational Expert (the "VE"). Doc. No. 18. Claimant also argues that the final decision should be reversed and remanded because the ALJ did not adopt the prior ALJ's RFC and, therefore, he should have weighed the various medical opinions in the record. Doc. No. 18. The Commissioner's decision is **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ erred by failing to include his finding that Claimant has moderate limitations in the area of concentration into the ALJ's RFC determination and in the hypothetical question posed to the VE.**

## I.      BACKGROUND.

Claimant was born on October 2, 1960, and he has obtained a GED certificate.  R. 83, 520.    Claimant's past employment experience includes working as a commercial construction/insulation mechanic and as a commercial fisherman.  R. 446, 521.  Claimant has not worked since May 15, 1995.  R. 83, 520.  On February 24, 2004, Claimant filed an application for disability insurance benefits and supplemental security income alleging an onset of disability as of May 15, 1995.  R. 83.  Claimant alleges disability due to rheumatoid arthritis, degenerative disc disease, ankylosing spondylitis, herniated discs, spina bifida, a broken shoulder that never healed, high blood pressure, chest pain, depression, suicidal thoughts, and panic attacks.  R. 56.

Claimant's application was denied initially and upon reconsideration.  R. 54-56, 66-69. Thereafter, Claimant requested a hearing before an ALJ.  R. 51-52.  On October 19, 2005, a hearing was held before ALJ Judith Showalter.  R. 327-60.  Claimant, who was represented by counsel, and VE Donna Mancini testified at the hearing.  R. 327-60.

On November 2, 2005, ALJ Showalter issued a decision finding Claimant not disabled. R. 10-20.   ALJ Showalter determined that Claimant has the following severe impairments: depression; rheumatoid arthritis; and cervical and lumbar degenerative disc disease.  R. 13.  ALJ Showalter also determined that Claimant has the RFC: "to perform a significant range of light work.  He is occasionally able to climb stairs, ramps, ladders, ropes or scaffolds and occasionally balance, stoop and crouch.  He is limited to simple, unskilled work that is essentially isolated without only occasional supervision and that is low stress defined as only occasionally requiring judgment or decision making."  R. 15 (emphasis added).   Accordingly, ALJ Showalter

determined that Claimant's mental limitations impose additional non-exertional limitations on Claimant's RFC. R. 15. Although ALJ Showalter determined that Claimant was not capable of performing his past relevant work, based on the testimony of the VE, ALJ Showalter concluded that Claimant was capable of performing other work that exists in significant numbers throughout the national and local economy. R. 18-20. Thus, ALJ Showalter concluded that Claimant was not disabled. R. 19-20.

Claimant requested review before the Appeals Council and, on February 24, 2006, the Appeals Council denied Claimant's request for review thereby making ALJ Showalter's decision the final decision of the Commissioner. R. 3-5. Claimant sought review of the Commissioner's final decision in the District Court.

On September 24, 2007, in *Wood v. Commissioner of Social Security*, Case No. 6:06-cv-590-Orl-KRS, Doc. No. 21 (M.D. Fla. 2007), the Honorable Magistrate Judge Karla R. Spaulding issued an order reversing and remanding the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). R. 392-419.[1] Claimant argued that ALJ Showalter erred by: 1) not giving substantial weight to the opinions of Claimant's treating physician; 2) making a finding as to Claimant's activities of daily living which was not supported by substantial evidence; and 3) not obtaining testimony from the VE which included all of Claimant's physical and mental limitations. R. 413-14, 417. Magistrate Judge Spaulding found that the ALJ's decision to give less weight to the opinions of Claimant's treating physician was supported by substantial evidence and applied the correct legal standard. R. 414-416. Magistrate Judge Spaulding also determined that the ALJ's finding as to Claimant's activities of daily living was

---

[1] Magistrate Judge Spaulding's order provides an exhaustive review of the medical history, opinion evidence, and the testimony at the October 19, 2005 hearing. R. 395-411. Magistrate Judge Spaulding's statement of facts is hereby incorporated by reference. R. 395-411.

supported by substantial evidence. R. 416-417.

As to Claimant's argument that the ALJ failed to pose a hypothetical question to the VE containing all of Claimant's limitations, Magistrate Judge Spaulding stated:

> Wood next argues that the Commissioner failed to sustain his burden of establishing that there is other work available in the national economy that Wood could perform. Specifically, Wood argues that the VE's testimony concerning work that he could perform based on his restrictions was in conflict with the requirements of the jobs provided by the VE as listed in the Dictionary of Occupation Titles (DOT). Wood contends that the jobs the VE identified are not unskilled work because they require a reasoning level in excess of the RFC determined by the ALJ. The Commissioner contends, however, that the specific vocational preparation (SVP) portion of the job description, rather than the reasoning level, is what should be used to determine whether a job is unskilled.
>
> The [Social Security Administration] defines unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. . . . [A] person can usually learn to do the job in 30 day, and little specific vocational preparation and judgment are needed." 20 CFR §§ 404.1568(a), 416.968(a). The SSA relies upon Department of Labor publications to determine the skill level of jobs. *Id*.
> In [SSR] 00-4p, the SSA indicated that it looks to the specific vocational preparation needed to perform a job to determine the skill level required.
>
>> A skill is knowledge of a work activity that requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation that is above the unskilled level. . . . Skills are acquired in [past relevant work] and may also be learned in recent education that provides for direct entry into skilled work. The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in [the regulations], unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT.

[SSR] 00-4p, 2000 WL 1898704, at *3. In the present case, each of the jobs identified by the VE had an SVP 2, which falls within the SSA's definition of unskilled work.

However, the ALJ did not ask the VE merely for unskilled work; he asked the VE to assume that the hypothetical claimant could perform only *simple*, unskilled work. If the definition of skill level alone were all that were relevant, the added factor that the work had to be simple would have been redundant. In this context, Wood's argument is compelling.

The ALJ found that Wood must perform simple tasks due to his moderate limitations in the ability to concentrate. R. 15. The ALJ did not include the finding that Wood had a limited ability to concentrate in his hypothetical question to the VE. Without this express limitation in the hypothetical question, or some other indication that the VE understood that the ALJ's reference to simple work meant something more than unskilled work, the record is not sufficient for this Court to determine if the ALJ's decision at step five of the sequential evaluation process is supported by substantial evidence. *Cf. Walton v. Chater*, No. 94 C 1484, 1995 WL 579535, at * 8 n.5 (N.D. Ill. Sept. 25, 1995) (in response to a hypothetical question, the VE stated that he did not have a definition of simple work, and asked that the ALJ phrase the question in terms of skill; the court found that the reasoning regarding unskilled work did not account for the nonexertional impairment requiring simple work).

*Wood*, Case No. 6:06-cv-590-Orl-KRS, Doc. No. 21 at 26-27 (M.D. Fla. Sept. 24, 2007) (italics emphasis in original) (underlined emphasis added); R. 417-19. Thus, Magistrate Judge Spaulding reversed and remanded the case to the Commissioner pursuant to sentence four of Section 405(g) for further proceedings. R. 419.

On January 24, 2008, and April 23, 2008, two supplemental hearings were held before ALJ Gerald Murray. R. 504-36. At the January 24, 2008 hearing, testimony was taken from a medical expert and licensed psychologist, Dr. Neil Lewis. R. 506-515. The following exchange occurred between the ALJ and Dr. Lewis:

ALJ: Dr. Lewis as we spoke preliminarily before this hearing, I'm just going to cut to the chase on this case and ask you if based on this record you would find any substantial functional limitations associated with a mental condition and if so what those might be?

A: . . . . The record reflects primarily a poly-substance abuse problem as well as some depression. The record generally from a mental standpoint indicates mild or mild to moderate kinds of limitations deriving from the mental impairments. I would look toward mild restrictions in activities of daily living. I would anticipate mild difficulties in maintaining social functioning. <u>I would think that there would be moderate difficulties in terms of maintaining concentration, persistence and pace.</u> Those would be the limitations which jump right out at me.

ALJ: Okay. And those would be based upon the depression and the combination of the substance abuse and the depression?

A: Yes.

R. 507-508 (emphasis added).

On April 23, 2008, the Claimant, who was represented by counsel, and VE Paul Dolan testified at the second supplemental hearing. R. 517-36. The following exchange occurred between the ALJ and the VE:

ALJ: Let's consider an individual of similar age, education and experience as the Claimant who's limited to light work with a sit/stand option, and can only occasionally be around moving parts, operate a vehicle. Should avoid humidity, wetness and vibration. Only occasional - - an again, only occasional climbing, balancing, stooping, crouching, the postural limitations, and only occasional reaching - - overhead reaching and handling.

VE: I have a question.

ALJ: Um-hum?

VE: The occasionally reaching, with the overhead reaching, is that both - - is that bilaterally, or the left side?

ALJ: It's the left.

VE: And in terms of the reaching - - I mean handling, it was occasional. Is that the same with the left, or is that both hands, bilaterally?

ALJ: [B]oth.

VE: Okay. So occasional - - oops. Occasional handling.

ALJ: I'm just going from the notations from Dr. Barber in the recent

```
              [consultative evaluation].
VE:       . . . . First position is usher, 344.677-014, SVP of 2, unskilled.
          Exertional level is light.  Approximately 75,000 in the national
          economy, 1,200 in the local economy, local economy being the
          State of Florida.  Counter clerk, 249.366-010, SVP of 2, unskilled.
          Exertional level is light.  Approximately 35,000 in the national
          economy, 800 in the local economy.  Surveillance system monitor,
          379.367-010, SVP of 2, unskilled, exertional level, sedentary.
          Approximately 33,000 national economy, 700 in the local
          economy.
```

R. 533-34.  Thus, in the ALJ's hypothetical question to the VE he did not include any non-exertional limitations due to Claimant's mental impairments, including Claimant's moderate limitations in terms of the ability to maintain concentration, pace, or persistence.  R. 533-34.

On May 28, 2008, the ALJ issued a decision that Claimant was not disabled.  R. 369-76.

The ALJ made the following findings:

1. The Claimant met the insured status requirements of the Social Security Act through December 31, 2000;

2. The Claimant has not engaged in substantial gainful activity since May 15, 1995, the alleged onset date;

3. The Claimant has the following severe combination of impairments: rheumatoid arthritis, degenerative disc disease with left leg radiculopathy, depression, and left arm pain;

4. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

5. After careful consideration of the entire record, the undersigned finds that the Claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the Claimant can only occasionally reach, climb and balance.  Additionally, the Claimant requires a sit/stand option.

6. The Claimant is unable to perform any past relevant work;

7. The Claimant was born on October 2, 1960 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged onset date;

8. The Claimant has at least a high school education and is able to minimally communicate

in English;

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the Claimant is "not disabled," whether or not the Claimant has transferable job skills;

10. Considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Claimant can perform; and

11. The Claimant has not been under a disability, as defined in the Social Security Act, from May 15, 1995 through the date of this decision.

*Id.* Thus, at step-two of the sequential process, the ALJ found that Claimant suffered from a combination of severe impairments including depression. R. 371.

At step-three of the sequential evaluation process, the ALJ determined that Claimant has moderate limitations in regards to maintaining concentration, persistence or pace. R. 372. In determining the Claimant's RFC, the ALJ states that he "incorporates by reference the analysis regarding the [C]laimant's [RFC] contained in [ALJ Showalter's] decision. The District Court did not find error in the analysis and it clearly assesses the [C]laimant's abilities." R. 374. Therefore, while the ALJ evaluated and weighed some of the evidence that was submitted after ALJ Showalter's decision, the ALJ did not re-evaluate the evidence or reweigh the opinion evidence submitted prior to ALJ Showalter's decision. R. 371, 374.[2] Regarding the Claimant's mental impairments, the ALJ states:

> [I]n addition to the previous hearing decision, the undersigned considered the assessment of the medical expert. Dr. Lewis indicated that the [C]laimant's depression caused him to have mild

---

[2] The ALJ gave significant weight to the opinion of the consultative physical examining physician, Dr. Barber, who examined the Claimant in April of 2008. R. 374. While the ALJ discussed Dr. Lewis's opinion, the ALJ did not assign any particular weight to his opinion that Claimant suffers from moderate limitations in the ability to maintain concentration, persistence, or pace. R. 374-75. However, as set forth above, at step-three, without specifically discussing Dr. Lewis's opinion or other evidence in the record, the ALJ did find that Claimant has moderate limitations in the ability to maintain concentration, persistence or pace. R. 372.

> to moderate limitations in activities of daily living, social functioning and concentration, persistence, and pace. This assessment is consistent with the [C]laimant's limited treatment for mental impairments and the analysis contained in the previous decision. In addition, this assessment clearly indicates that the [C]laimant has the mental capacity to do at least unskilled work. His cognitive ability and memory are intact and medical reports indicate functioning at a level that would allow him to do basic work activity. As such, the Claimant has the ability to maintain concentration to perform at least unskilled work.

R. 374-75 (emphasis added). At step-five of the sequential evaluation process, the ALJ determined that based on the testimony of the VE there were other jobs that exist in significant numbers that Claimant could perform. R. 375-76. Thus, the ALJ concluded that Claimant was not disabled. R. 376.

Claimant requested review before the Appeals Council and, on April 24, 2009, the Appeals Council denied Claimant's request for review making the ALJ Murray's decision the final decision of the Commissioner. R. 361. Claimant sought review of the Commissioner's final decision in the District Court. Doc. No. 1.

## II.    THE PARTIES' POSITIONS.

The Claimant assigns three errors to the Commissioner's final decision. Doc. No. 18. First, although the ALJ specifically found that Claimant has moderate limitations in maintaining concentration, persistence and pace, the ALJ erred by failing to include that limitation in the RFC determination and in the hypothetical question to the VE. Doc. No. 18 at 18-22 (citing *Millhouse v. Astrue*, Case No. 8:08-cv-378-T-TGW, 2009 WL 763740 at *3 (M.D. Fla. Mar. 23, 2009); *Clements v. Astrue*, Case No. 3:08-cv-65-J-HTS, 2009 WL 260980 at *6 (M.D. Fla. Feb. 4, 2009); *Davis v. Astrue*, Case No. 3:07-cv-705-J-MCR2008 WL 3200278 at *5-6 (M.D. Fla. Aug. 5, 2008); *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. Apr. 2, 2009)). Claimant maintains that

this is nearly the same error that ALJ Showalter made in her decision which was previously reversed by the District Court.  Doc. No. 18 at 18.

Second, Claimant argues that ALJ Murray adopted ALJ Showalter's analysis regarding Claimant's RFC because "it clearly assesses the [C]laimant's abilities," but then erred by making an RFC determination which was inconsistent with ALJ Showalter's RFC.  Doc. No. 18 at 9-14. Thus, Claimant maintains that the ALJ Murray's decision is internally inconsistent because he states that ALJ Showalter's decision "clearly assessed the Claimant's abilities," but then fails to explain why he issued an RFC which assigns different abilities to Claimant.  Doc. No. 18 at 9. Third, Claimant argues that because ALJ Murray made a different RFC determination than ALJ Showalter, he erred by not evaluating and weighing all of the medical opinions of record.  Doc. No. 18 at 15-17.  Claimant maintains that ALJ Murray adopted ALJ Showalter's RFC analysis and, therefore, did not evaluate or weigh the prior evidence and opinions of record with the new evidence and new opinions of record.  Doc. No. 18 at 17.  However, Claimant argues that by making a different RFC determination, ALJ Murray should have re-evaluated and re-weighed the entire record.  Doc. No. 18 at 17.  Thus, Claimant requests that the Court reverse and remand the case to the Commissioner further proceedings, including a proper RFC determination with an analysis of the entire record and one which includes a proper analysis of the limitations imposed by Claimant's mental impairments.  Doc. No. 18 at 14, 17, 22.

The Commissioner maintains that substantial evidence supports the ALJ's decision.  Doc. No. 19 at 1-10.  First, the Commissioner asserts that the ALJ properly excluded any non-exertional limitations from Claimant's RFC and in the hypothetical question posed to the VE because the ALJ determined that Claimant's severe mental impairment of depression did not

result "in any appreciable functional limitations." Doc. No. 19 at 8. The Commissioner concedes that ALJ Murray's RFC determination does not include any mental limitations or restrictions. Doc. No. 19 at 7. However, the Commissioner asserts that the ALJ Murray specifically determined that Plaintiff's cognitive ability and memory are intact and, therefore, Claimant's mental impairments do not impact his ability to perform basic work activity. Doc. No. 19 at 6-8. The Commissioner does address, in any way, ALJ Murray's specific finding that Claimant's mental impairment results in moderate limitations in the ability to maintain concentration, persistence, and pace, or the case law relied upon by the Claimant. Doc. No. 19.

Second, the Commissioner asserts that ALJ Murray did not adopt ALJ Showalter's actual RFC determination, but only adopted ALJ Showalter's analysis regarding Claimant's RFC. Doc. No. 19 at 5. Thus, the Commissioner acknowledges that ALJ Murray's RFC determination is different from ALJ Showalter's RFC determination. Doc. No. 19 at 5-6. The Commissioner maintains that ALJ Murray then evaluated the additional medical and opinion evidence and found that Claimant has the mental capacity to do at least unskilled work. Doc. No. 19 at 6. The Commissioner, therefore, implies that ALJ Murray's decision is not internally inconsistent because he made a different RFC determination and adequately explained his reasons therefor. Doc. No. 19 at 5-7. Third, the Commissioner maintains that by incorporating the medical evidence discussed by ALJ Showalter, ALJ Murray did not err by failing to weigh the opinion evidence of record. Doc. No. 19 at 7. Thus, the Commissioner requests that the final decision be affirmed. Doc. No. 19 at 9.

III. **LEGAL STANDARDS.**

A. **THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work

activities. 20 CFR § 404.1521. An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not

disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform

the claimant's past relevant work.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the claimant has the RFC to do his past relevant work, the claimant is not disabled.  If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience.  In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy.  20 CFR § 404.1567.  If the claimant is able to do other work, he is not disabled.  If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled.  Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration.  In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

**B.      THE STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the district court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was

applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The district court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*,

732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[3]

## IV. ANALYSIS.

### A. RFC and VE Hypothetical.

Claimant argues that the ALJ erred by finding on the one hand that Claimant's mental impairment of depression results in moderate limitations in maintaining concentration, persistence, pace, but, on the other hand, failing to include those limitations in his RFC determination and in the hypothetical question to the VE. Doc. No. 18 at 18-22. The Commissioner agrees that no non-exertional limitations resulting from Claimant's mental impairment of depression were included in the ALJ's RFC determination, but argues that the ALJ did not err because he found that Claimant's mental impairments do not impact Claimant's ability to perform basic work activity. Doc. No. 19 at 6-8.

In his decision, the ALJ found that Claimant suffers from a combination of severe impairments, including a mental impairment of depression. R. 371. The regulations provide that an impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. ALJ Murray also specifically found that "[w]ith regard to concentration, persistence or pace, the [C]laimant has moderate difficulties." R. 372. The ALJ did not include that limitation in his RFC determination which provides for "light work . . . except that the [C]laimant can only occasionally reach, climb and balance," and he requires a sit/stand option. R. 373. The ALJ also did not include Claimant's

---

[3] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

non-exertional mental limitation in the hypothetical question posed to the VE. R. 533-34.

Claimant relies on four cases for the proposition that the ALJ erred by failing to include all of Claimant's limitations in the RFC and in the hypothetical question to the VE: 1) *Millhouse v. Astrue*, Case No. 8:08-cv-378-T-TGW, 2009 WL 763740 at *3 (M.D. Fla. Mar. 23, 2009); 2) *Clements v. Astrue*, Case No. 3:08-cv-65-J-HTS, 2009 WL 260980 at *6 (M.D. Fla. Feb. 4, 2009); 3) *Davis v. Astrue*, Case No. 3:07-cv-705-J-MCR2008 WL 3200278 at *5-6 (M.D. Fla. Aug. 5, 2008); and 4) *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. Apr. 2, 2009). Doc. No. 18 at 18-22. The Commissioner does not address any of these cases.

In *Millhouse*, 2009 WL 763740 at *1 (M.D. Fla. Mar. 23, 2009), the ALJ found at step-two that the claimant had severe impairments of bulging cervical disc, hydronephrosis, status post surgery on left knee and depression resulting in mild restrictions of activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence or pace and no episodes of decompensation. *Id.* The ALJ's RFC determination included that the claimant was limited to unskilled work as a result of her mental impairments. *Id.* On appeal to the District Court, the claimant argued that there was an inconsistency between the RFC determination and the ALJ's hypothetical question to the VE, as well as between the RFC and the findings at step-two. *Id.* at *2. The Honorable Thomas G. Wilson, United States Magistrate Judge, stated the following:

> [T]he law judge at step two found that the plaintiff had a severe impairment of depression that resulted in, among other things, "moderate difficulties maintaining social functioning [and] moderate difficulties maintaining concentration, persistence or pace". However, in connection with the determination of the plaintiff's RFC, which is employed at steps four and five, the law judge simply found that, "[d]ue to the claimant's mental impairments, she is limited to performing work that is unskilled in

nature". There is clearly a disconnect between these two findings.

The Commissioner points out that the findings of broad functional limitations at step two do not represent the plaintiff's RFC. That does not mean, however, that the findings of functional limitations at step two are simply ignored. Rather, they need to be converted into more precise functional limitations. "The mental RFC assessment at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories" found in the four functional areas used at step two. Social Security Ruling 96-8p, 1996 WL 374184 at *4 (S.S.A.). "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id.* at *6.

In this case, assuming that the law judge properly evaluated the severity of the plaintiff's mental impairment at step two and concluded that she had moderate limitations in concentration, persistence, or pace and in social functioning, those findings could not reasonably yield a mental RFC of only a restriction to unskilled work. In the first place, that determination of the mental RFC does not comply with Social Security Ruling 96-8p. Simply finding that the plaintiff had a mental limitation of unskilled work clearly does [sic] constitute "a more detailed assessment by itemizing various functions contained in the broad categories" of social functioning and concentration, persistence, or pace. *Id.* at *4.

Furthermore, moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work. "Unskilled work" is defined in the regulations as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. 416.968(a). It is not apparent to me that a person with a moderate limitation in concentration, persistence, or pace could adequately perform all types of unskilled sedentary work. Accordingly, the law judge's contrary conclusion needed a reasonable explanation.

In all events, a restriction to unskilled work plainly does not cover a moderate limitation in social functioning. This circumstance establishes that there is an unacceptable inconsistency between the

law judge's finding of mental limitations at step two and her finding of the plaintiff's mental RFC. And there is no apparent basis for thinking that error is harmless.

Moreover, the law judge also committed reversible error with respect to the hypothetical questions submitted to the vocational expert. In order for a vocational expert's testimony to constitute substantial evidence, the law judge must pose a hypothetical that includes all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002).

*Millhouse*, 2009 WL 763740 at *1-3 (M.D. Fla. Mar. 23, 2009) (internal citations to the record omitted). Thus, Magistrate Judge Wilson reversed and remanded the final decision of the Commissioner because the ALJ failed to reconcile the findings of moderate limitations in social functioning and concentration at step-two with the ALJ's RFC determination, and because the hypothetical question to the VE failed to include all of the claimant's limitations. *Id*. at *1-5.

In *Clements,* 2009 WL 260980 at *5-6 (M.D. Fla. Feb. 4, 2009) the Honorable Howard T. Snyder, United States Magistrate Judge, reversed and remanded the case to the Commissioner in part because the ALJ failed to properly address the claimant's mental limitations in the RFC and in the hypothetical question posed to the VE. Magistrate Judge Snyder stated:

The judge found "that the claimant has moderate restrictions in her activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace." However, in both his RFC assessment and hypothetical posed to the vocational expert, the ALJ accounted for Plaintiff's mental restrictions only by stating she was "limited to positions that require no more than occasional contact with the public." It is not clear this limitation was sufficient to encompass the impairments recognized by the ALJ. *Cf., e.g., Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir.2005) (limitation to simple, unskilled tasks not sufficient to incorporate impairments such as moderate difficulties with maintaining concentration, persistence, or pace); *Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789, at *4 (D.Me. June 30, 2008) (report and recommendation of magistrate judge

subsequently accepted by district court) ("limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace" inadequate to account for "moderate difficulties in maintaining social functioning and concentration, persistence or pace"); *Davis v. Astrue, Civil Action No. 06-3550*, 2007 WL 2248830, at *4 (E.D.Penn. July 30, 2007) (requiring deficiencies in concentration, persistence or pace to be specified in the hypothetical). On remand, the Commissioner should develop an RFC finding reflective of all Ms. Clements's impairments and pose a hypothetical setting forth the same.

*Clements,* 2009 WL 260980 at *5-6 (M.D. Fla. Feb. 4, 2009) (internal citations to the record omitted). Thus, Magistrate Judge Snyder reversed and remanded the case in part to the Commissioner because the ALJ specifically found that the claimant had moderate restrictions in the activities of daily living, social functioning, and a maintaining concentration, persistence, and pace, but did not include or account for those limitations in the RFC or hypothetical question to the VE. *Id*.

In *Davis*, 2008 WL 3200278 at *3 (M.D. Fla. Aug. 5, 2008), at step-two, the ALJ found that the claimant suffered from a combination of severe impairments, including a mood disorder. *Id*. The ALJ also determined that the claimant had an RFC for light work, but required "work that has mostly to do with data or things rather than people." *Id*. On appeal, the claimant argued that the ALJ erred in determining the RFC and posing a hypothetical question to the VE because the ALJ failed to include his finding that the claimant experienced moderate limitations in the ability to maintain concentration, persistence, or pace. *Id*. at *4. The Honorable Monte C. Richardson, United States Magistrate Judge, found:

[T]he only reference to [the claimant's] mental impairment contained in the RFC was: "[s]he requires work that has mostly to do with data or things rather than people." It is not apparent that requiring work having to do mostly with data or things rather than people is sufficient to account for the limitations noted [by the

-22-

> ALJ]. Restricting [the claimant's] work around people may
> account for her limitations regarding social functioning, but it is
> not at all clear how such a restriction would assist with [claimant']
> difficulties in maintaining concentration, persistence or pace. As
> such, the RFC does not appear to adequately reflect [the
> claimant's] mental impairments.

*Id.* at *6. Magistrate Judge Richardson also found that the ALJ failed to include the claimant's

mental limitations in the hypothetical question to the VE. *Id.* Accordingly, the case was

reversed and remanded to the Commissioner because the final decision was not supported by

substantial evidence. *Id.*

In *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. Apr. 2, 2009), the Seventh Circuit held that

an ALJ's failure to include limitations found in concentration, persistence, and pace in a

hypothetical question to the VE is reversible error. *Stewart*, 561 F.3d at 684 (internal citations

omitted). Moreover, the Seventh Circuit held it is also error for an ALJ to merely restrict a

claimant to simple, routine tasks that do not require constant interactions with coworkers or the

general public because those restrictions do "not adequately account for the plaintiff's medical

limitations, including an impairment in concentration." *Id.* at 685 (internal quotations and

citations omitted).

Although none of the cases relied upon by the Claimant in this case are binding on this

Court, they are directly on point and, given the Commissioner's failure to address them or to

offer any case law to the contrary, this Court finds *Millhouse*, *Clements*, *Davis*, and *Stewart* are

persuasive. In this case, the ALJ found that Claimant has moderate limitations in the ability to

maintain concentration, persistence, and pace, but failed to include that limitation in his RFC

determination and in the hypothetical question posed to the VE. R. 372, 374, 533. While the

ALJ also stated in his decision that Claimant's deficits in concentration still permit him to

-23-

perform unskilled work, such a finding does not constitute "a more detailed assessment [of functional limitations] by itemizing various functions contained in the broad categories" of concentration, persistence, and pace.   SSR 96-8p; *Millhouse*, 2009 WL 763740 at *3.[4] Accordingly, the ALJ erred in determining Claimant's RFC and in posing a hypothetical question to the VE because he did not account for Claimant's limitations in maintaining concentration, persistence, and pace.[5]  These errors warrant remand to the Commissioner for a proper RFC determination and for a hypothetical question to the VE which includes all of Claimant's limitations.

### B.  Prior RFC Inconsistencies.

Because the ALJ erred in determining Claimant's RFC and posing a hypothetical question to the VE it is unnecessary to address the Claimant's remaining arguments.  However, because the case is being remanded for a second time, on remand the ALJ should undertake an evaluation of the entire record, evaluate all the evidence and weigh all the opinion evidence.  On remand, the ALJ should not merely rely on or adopt the findings or analysis of prior ALJs.

## V.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **REVERSED and REMAND pursuant to sentence four of Section 405(g) to the ALJ for a rehearing consistent with this opinion.**  The Clerk is directed to enter judgment in favor of the Claimant and close the case.

---

[4] The Commissioner's argument that the ALJ properly excluded any non-exertional limitations in the RFC and hypothetical question because Claimant's mental impairments do not impact his ability to perform basic work skills is directly contradicted by the ALJ's finding at step-two that Claimant suffers from a severe impairment of depression.  Doc. No. 19 at 6-8; R. 371. It is also inconsistent with ALJ Murray's adoption of ALJ Showalter's RFC analysis which specifically included a finding that Claimant's mental impairment limited his ability to perform unskilled work.  R. 417-19.
[5] This is the nearly the same error committed by the prior ALJ.  *See* R. 418-19.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Chantal J. Harrington, Esq.
Bohr & Harrington, LLC
800-C Third Street
Neptune Beach, FL 32266

Susan R. Waldron
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224